UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TROY HAMILTON,

        Petitioner,                      Case Number: 2:14-CV-14616

v.                                      HONORABLE PAUL D. BORMAN
                                           UNITED STATES DISTRICT JUDGE

RANDALL HAAS,

        Respondent.
        _____/

## OPINION AND ORDER GRANTING PETITIONER'S MOTION FOR STAY OF PROCEEDINGS AND ADMINISTRATIVELY CLOSING CASE

### I. Introduction

Petitioner Troy Hamilton, a state prisoner currently incarcerated at the Cooper Street Correctional Facility in Jackson, Michigan, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254.  He challenges his convictions for five counts of second-degree criminal sexual conduct, Mich. Comp. Laws § 750.520c(1)(a), one count of third degree criminal sexual conduct, Mich. Comp. Laws § 750.520d(1)(a), and one count of fourth-degree criminal sexual conduct, Mich. Comp. Laws § 750.520e(1)(a). Now before the Court is Petitioner's Motion for Stay of Proceedings.  The Court grants the motion and administratively closes this matter.

### II. Background

Petitioner pleaded guilty in Livingston County Circuit Court and was sentenced on December 16, 2010 as follows: 8 years, 4 months to fifteen years' imprisonment for each

second-degree criminal sexual conduct conviction, 10 to 15 years' imprisonment for the third-degree criminal sexual conduct conviction, and 1 to 2 years' imprisonment for the fourth-degree criminal sexual conduct conviction.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, raising these claims: (i) guilty plea was not knowing or voluntary where Petitioner was not advised he would have to register as a sex offender; (ii) trial counsel was ineffective in failing to advise Petitioner of the consequences of his plea; and (iii) guilty plea was involuntary where Petitioner was not advised he would be subject to lifetime electronic monitoring. The Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented. *See* 4/30/2012 Order, *People v. Hamilton*, No. 309304 (ECF No. 7-11, Pg. ID 460). The Michigan Supreme Court denied Petitioner's application for leave to appeal. *See People v. Hamilton*, 493 Mich. 882 (Nov. 7, 2012).

Petitioner then filed a motion for relief from judgment in the trial court, arguing that his trial attorney coerced him into entering a guilty plea and his appellate attorney was ineffective in failing to raise this claim on direct appeal. The trial court denied the motion. *See* 4/15/13 Order, *People v. Hamilton*, No. 10-19113 & 10-19114 (ECF No. 7-10, Pg. ID 457-59). The Michigan Court of Appeals denied Petitioner's subsequent application for leave to appeal. *See* 12/27/13 Order, *People v. Hamilton*, No. 317448 (ECF No. 7-13, Pg. ID 651). The Michigan Supreme Court also denied leave to appeal. *People v. Hamilton*, 496 Mich. 858 (June 24, 2014).

Petitioner then filed the pending habeas petition. He raises the same claims raised

on direct and collateral review in state court. Petitioner has also now filed a motion to stay this proceeding while he presents an unexhausted claim in state court.

### III. Discussion

State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). Petitioner seeks a stay because, although the claims raised in the petition are exhausted, he would like to raise an additional, unexhausted claim in state court.

A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings if outright dismissal of a habeas petition would jeopardize the timeliness of a future petition, there is good cause for the petitioner's failure to exhaust those claims, the unexhausted claims are not "plainly meritless," and "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005).

In the pending case, Petitioner's unexhausted claim concerns a claimed Double Jeopardy violation. It does not appear that he is engaged in dilatory litigation tactics and the claim is not plainly meritless. Petitioner claims that he did not previously raise this claim in state court because it is recently discovered. Michigan Court Rule 6.502(G)(1) generally permits a defendant to file only one motion for relief from judgment. Petitioner already has filed a motion for relief from judgment. However, Michigan Court Rule 6.502(G)(2) permits a defendant to file a successive motion for relief from judgment under certain limited circumstances. Petitioner argues that his Double Jeopardy claim

falls within an exception to the ban on successive motions because it represents a radical jurisdictional defect. Petitioner should be permitted to present this claim to the state court because he would not otherwise be permitted to amend his petition to contain an unexhausted claim. Furthermore, dismissal of this case while Petitioner pursues state remedies could result in a subsequent petition being barred by the one year statute of limitations found in 28 U.S.C. § 2244(d). The Court therefore concludes that it is not an abuse of discretion to stay this case while Petitioner pursues additional state remedies.

When a district court determines that a stay is appropriate pending resolution of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claim in state court within sixty days from the date of this Order. *See id.* Petitioner must also ask this court to lift the stay within sixty days of completing state court review. *See id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Id.* (internal quotation omitted).

## IV. Conclusion

Accordingly, the Court GRANTS Petitioner's "Motion to Stay Writ of Habeas Corpus" (ECF No. 10). The habeas petition is STAYED and further proceedings in this matter are held in ABEYANCE. If Petitioner fails to file a motion for relief from judgment with the state trial court within sixty days from the date of this order, the Court will dismiss the petition for writ of habeas corpus without prejudice. Petitioner shall file a motion to lift the stay and an amended petition in this Court within sixty days after the conclusion of the state court proceedings.

The Court further ORDERS that, to avoid administrative difficulties, the Clerk of Court shall close this case for statistical purposes only.

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated: March 23, 2016

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 23, 2016.

s/Deborah Tofil  
Case Manager